## KRAMER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. January 7, 1904.)

1. STREET RAILWAYS—NEGLIGENCE—INJURIES TO PASSENGER—EVIDENCE.

In an action against a street railway for injuries received by a passenger while alighting from a car, where plaintiff's contention that the car had come to a full stop before suddenly starting was practically uncorroborated, his only witness refusing to swear that the car had stopped, and defendant's claim that plaintiff endeavored to alight while the car was in motion was supported by the testimony of five witnesses, three of whom were disinterested, and whose testimony was strongly supported by the probabilities of the case, a verdict for plaintiff was clearly against the weight of evidence.

2. SAME—CROSS-EXAMINATION.

In an action against a street railway for injuries to a passenger alleged to have resulted from a car suddenly starting while he was alighting, defendant had a right to ask plaintiff, on cross-examination, whether he knew that before he could recover he must show that the car started while he was alighting.

Appeal from City Court of New York, Trial Term.

Action by Leopold Kramer against the Metropolitan Street Railway Company. From a judgment for plaintiff and an order denying defendant's motion for new trial, it appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Alfred & Charles Steckler, for respondent.

FREEDMAN, P. J. The theory upon which the plaintiff relied in his complaint, the theory upon which the case was submitted to the jury, and the only theory upon which the plaintiff could have a verdict was that while he, as a passenger, was alighting from defendant's car at or near the corner of Lexington avenue and Fifty-Third street, after the car had come to a full stop, the car was suddenly started before he had a reasonable opportunity to alight, and that in consequence thereof he was thrown to the ground and injured. In this contention the plaintiff remained practically uncorroborated, for his only witness, O'Connor, repeatedly refused to swear that the car had stopped, and on cross-examination testified: "And after he fell off the car went about fifteen to twenty-five feet further, and then came to a stop." The contention of the defendant that the plaintiff attempted to alight, and jumped off while the car was in motion, was supported by the testimony of five witnesses, three of whom were in positions most favorable to see the manner in which the accident occurred, and had no interest whatever in the result of the action, and whose testimony was strongly supported by the probabilities of the case. It therefore clearly appears that the verdict is against the weight of evidence, and that in the interests of justice there should be a new trial.

Moreover, the defendant had a right to ask the plaintiff on cross-examination whether he knew that, before he could recover, it was necessary for him to show that the car started while he was in the act

of getting off. This right was denied to the defendant, although the witness attempted to answer.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.